

328-07/PJG/BGC
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
SOYSAY SHIPPING CO.
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Peter J. Gutowski (PG 2200)
Barbara G. Carnevale (BC 1651)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

SOYSAY SHIPPING CO.,

                              Plaintiff,

      -against-

ASTYA INVESTMENTS CO. LTD., and
PETSARO CHEMICALS AG,

                              Defendants.

----------------------------------------------------------------x

07 CIV. ( 7469 )

07 CIV. ( )

**VERIFIED COMPLAINT**

Plaintiff SOYSAY SHIPPING CO. ("SOYSAY"), by its attorneys Freehill Hogan &

Mahar LLP, as and for its Verified Complaint against the named Defendants identified in the

caption, alleges upon information and belief as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract

of affreightment and a bill of lading relating to the ocean transport of cargo.  This case also falls

under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the

Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.  Federal jurisdiction also

exists because the action arises under the New York Convention on the Recognition and

Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 et seq. and/or the Federal Arbitration

Act, 9 U.S.C. §1 et seq.

2.      At all times material hereto, Plaintiff SOYSAY was and still is a corporate entity organized and existing under the laws of a foreign country with an address in care of SOYSAY Denizcilik Nakliyat ve Ticaret A.S., Sahrayicedid Inonu Caddesi, Aydogan Apartment No. 12, Daire 19-20, Erenkoy, 81080 Istanbul, Turkey and the owner of the M/T HALKI an ocean going tank vessel.

3.      At all times material hereto, Defendant ASTYA INVESTMENTS CO. LTD. (hereinafter "ASTYA") was and still is a foreign business entity duly organized and existing under the laws of the British Virgin Islands with an office and address at 43, Furshtatskaya Str., Apt. 7, 191123, St. Petersburg, Russia and was the charterer of the M/T HALKI.

4.      At all times material hereto, Defendant PETSARO CHEMICALS AG (hereinafter "PETSARO") was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an office and address at Poststrasse 6, 6300 Zug, Switzerland and was the receiver of a certain cargo of vinyl acetate monomer carried on board the HALKI as described more fully below.

5.      On or about April 25, 2007, Plaintiff SOYSAY, in the capacity as owner of the M/T HALKI, entered into a maritime contract of affreightment (hereinafter "COA") with the Defendant ASTYA, as charterer, for the shipment of chemicals over two time periods as described in the contract, a copy of which is attached as Exhibit 1.

6.      Pursuant to the above mentioned contract of affreightment, the plaintiff SOYSAY duly tendered the M/T HALKI for a shipment from Russia to Turkey to take place in May in 2007, including a shipment of vinyl acetate monomer.

7.      The defendant PETSARO was the notify party under the bill of lading issued with respect to the above referenced shipment and subsequently identified as the receiver and the party with title to the cargo.

8.      The vessel transited from Russia to Turkey and presented the cargo for discharge and delivery pursuant to the terms of the above referenced COA and the bill of lading, the latter of which incorporated the COA together with its law and jurisdiction provisions providing for an application of English Law.

9.      The defendants failed to arrange for the prompt delivery and receipt of the cargo which failure constituted a breach of both the COA and the bill of lading.

10.      As a consequence of the breach, the plaintiff SOYSAY suffered damages including but not limited to:  (i) losses associated with the delay to the vessel in the sum of $74,525 computed at the demurrage rate of $5,500 per day; (ii) extra consumption of marine gas oil in the sum of $6,639.50; (iii) additional sailing expenses from the original discharge port to the alternative discharge port at a lump sum rate of $15,000; (iv) losses associated with the cancellation of the vessel's next employment by virtue of the delay in the sum of $76,250; (v) additional port and agency expenses, Turkish legal counsel and survey fees in the sum of $12,014.06; (vi) together with anticipated legal fees in connection with this proceeding and the related London Arbitration proceedings (inclusive of arbitration costs and interest) all of which are recoverable under English Law and which are estimated at $150,000, for a total claim of $334,428.56.

11.      The delay was caused, in part, due to allegations of contamination, the responsibility for which is denied by the plaintiff SOYSAY and which should not have delayed the prompt discharge in any event.

12.    The plaintiff SOYSAY through its P&I Underwriter has already provided security to both ASTYA and PETSARO in the form of a P&I Letter of Undertaking.

13.    As a consequence of the foregoing, the defendants are fully secured for their alleged claim(s) while the plaintiff vessel owner is unsecured.

14.    As outlined above, the COA and the bill of lading provide for the application of English Law and all disputes between the parties are to be resolved by arbitration in London, and SOYSAY specifically reserves its right to arbitrate the substantive matters at issue.

15.    This action is brought to obtain jurisdiction over the defendants and to obtain security in favor of Plaintiff SOYSAY in respect to its claims against defendants and in aid of London arbitration proceedings.

### Request for Rule B Relief

16.    Upon information and belief, and after investigation, defendants cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but plaintiff is informed that defendants have, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of defendants (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in either of their names to wit:

ASTYA INVESTMENTS CO. LTD. and PETSARO CHEMICALS AG at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

17.    The total amount to be attached pursuant to the calculations set forth above is $334,428.56.

WHEREFORE, Plaintiff SOYSAY prays:

a.  That process in due form of law according to the practice of this Court may issue against defendants citing it to appear and answer the foregoing;

b.  That if the defendants cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of the defendants or either of them up to and including $334,428.56 be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of the defendants or either of them (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in either of their names at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.  That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to an Order compelling arbitration, and the subsequent recognition and enforcement of any arbitral award(s) and/or judgment entered thereon against the defendants in the London proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       August 23, 2007

FREEHILL HOGAN & MAHAR LLP
Attorneys for Plaintiff SOYSAY SHIPPING CO.

By: _____
Peter J. Gutowski (PG 2200)
Barbara G. Carnevale (BG 1651)
80 Pine Street
New York, NY  10005
(212) 425-1900

## ATTORNEY VERIFICATION

State of New York          )
                             ) ss.:
County of New York  )

Peter J. Gutowski, being duly sworn, deposes and says as follows:

1.      I am an associate with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.      The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Peter J. Gutowski

Sworn to before me this
23___ day of August 2007

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

# EX. 1

Case 1:07-cv-07469-JGK    Document 1    Filed 08/23/2007    Page 8 of 12

*Sergey Harlamov*

*harlamovs@astya.sp.ru*

Astya Investments Co. Ltd

**Pavel Kalugin**
President

1204 Geneva
Place du Molard 5
C/O CISA

Tel. +7 812 703 32 08(09)
Fax. +7 812 327 26 73
Mob. +7 921 962 88 87
e-mail: kaluginp@astya.sp.ru

- Charterers     : Astya Investments Co
- Owners/Managers : SoySay Shipping Co.

-Vessel: to be trading with chemicals and to have heating tanks. Any substitution is always on Charts final approval.

**M/T ''L Y R A''**

3868 DWT AT 6.23 M SMD,BLT DECEMBER 1982, PANAMANIAN FLAG, GL CLASS, GRT/NRT 2960/ 970 ,REDUCED GRT 1599,IMO CHEMICAL /OIL TANKER, LOA/ BEAM 91.67/13.60 M, 3802 CBM CARGO TANK CAPACITY AT 98 (2183 CBM ST/ST +1619 CBM ZINC COATED), 14 DEEP WELL CARGO PUMPS, 14 GRADES FULL SEGREGATION, HEATING COILS IN ALL TANKS, CDI INSPECTED

**M/T ''PROTI''**

2930 DWT AT 5.34 M DRAFT, 2900 CBM FULLY STAINLESS STELL CARGO TANKS, IMO 2 CHEMICAL + OIL TANKER, GL CLASS, LOA/BEAM 81.30/ 13.38 M,GRT/NRT 1941/805.

**M/T " ORION "**

PANAMANIAN FLAG, IMO 2/3 CHEMICAL/OIL TANKER, BLT 1982 GERMANY ,LOA / BEAM 91.50 M / 13.60 M, LENGHT 84.55 M , MOULDED DEPTH 8.64M, GRT/REDUCED GRT/NRT 2690/1599 /964, 3850 DWT , AT 6.23 SUMMER DRAFT , 2185 CBM ST/ST+ 1615 CBMZINC COATED CARGO TANK CAPACITY, HEATING COILS IN ALL CARGO TANKS , 14 GRADE SEGRAGATION , BOW TRUSTERED,GL CLASS , P & I CLUB : THE SHIPOWNERS 'MUTUAL PROTECTION AND INDEMNITY ASSOCIATION ( LUXEMBURG )

**M/T ''ANTIGONI''**

4650 DWT AT 6.01 M DRAFT, 5300 CBM CARGO TANKS (3100 CBM ST/ST + 2200 CBM ZINC AND EPOXY) ,HEATING COILS IN ALL TANKS,21 grades segregation.

**MT HALKI**

3400 S.DWT,3250 WDWT,5.48 M S.DRAUGHT , 5.33 M W.DRAUGHT ,BLT 1978 SWEDEN, LOA 96.00 M , BEAM 14.00 H. CARGO CAPACITY (98) 3151 CBM , STST TANKS CAPACITY 2102 CBM & WING TANKS CARBO ZINK CAPACITY 1050 CBM , GRT 2316 , NRT 957
CARGO PUMPS : DEEPWELL PUMPS IN ALL TANKS
CARGO HEATING : STAINLESS STEEL HEATING COILS IN ALL TANKS

*COA-25.04.2007*

rate as specified in this charter party.

- Asbatankvoy c/p

- GA/Arb Ldn, Eng Law, Y/A 74/90

- The Charterers shall arrange for samples to be drawn sealed and marked in the presence of an officer of the vessel and one set of samples to be given to the vessel free of charge

- Owners will not be liable for any loss of cargo and shortage which occurred outside of ship's manifold of including customary 0.5 pct tolerance allowable loss in the trade

- Owners will not be liable for delays caused by the closure of the Bosporus

- Freight deemed earned on loading and non returnable cargo and/or ship lost or not

- Vessel to maintain cargo temperature 25/30 degrees if cargo has been loaded at this temperature.

- Owners to provide Charterers/Agents daily information about Vessel's ETA and position to load/discharge ports.

- NOR to be tendered at Temryuk roads. (To be re-discussed for 2nd period). NOR not to be tendered before commencement of lay/days unless with Charts prior agreement.

- Should the vessel arrive / tender a valid NOR at load port after her canceling date, and canceling date extended, lay/time shall commence to count upon loading or 12 hours after NOR whichever occurs first.

ASTYA INVESTMENTS CO. LTD                    SOYSAY SHIPPING CO.

COA-25.04.2007                               SOYSAY DENIZCILIS

Charterers are to confirm or decline nomination of the vessel within 1 working day. 7 days prior to the 1st day of the agreed Laycan Owners to narrow it to 2 days spread.

- Freight:

  *USD 29,00pmt for IZMIT BAY
  *USD 29,50pmt for TEKIRDAG/MARTAS
  *USD 48,0pmt for ADANA/MERSIN
  *USD 10.000,00 lumpsum if MARTAS+IZMIT BAY

- Freight payable BBB and a swift copy to be provided to Owners

- Demurrage:
USD 5.000,00pdpr for vessels 2.000 - 3.000 DWT
USD 5.500,00pdpr for vessels 3.000 - 4.000 DWT
USD 7.000,00pdpr for vessels more than 4.000 DWT

If any demurrage occurs to be settled upon presenting original supporting docs by post mail and payable w/i max running days upon rcpt of supp docs.

- Agents: Chrtrs agents at Load port (Usually Navigator), Owners agents at disport and at Turkish straits

- Lay time:
Total 60 hrs SHINC reversible for vessels up to 2.401 MT shipment
Total 66 hrs SHINC reversible for vessels 2.401 - 3.000 MT

Total 120 hrs SHINC reversible for vessels more than 4.000 DWT
Pro rate for vessels 3.000 - 4.000 DWT

- Cleaning to Charterers' inspectors' satisfaction

- Conoco weather clause: Delays in berthing for loading or discharging and delays after berthing which are due to weather conditions shall count as one half lay time or if on demurrage, at one half demurrage

COA-25.04.2007

3

M/T ' 'MEDITERRANEAN STAR''

3020 DWT ,IMO 2/3 CHEM/OIL TANKER NRT 912,GRT 1533, S.DRAFT 5.453 M,
DEPTH 6.60 M LENGHT OVERALL 85.78 M , BEAM 12.00 M , CARGO TANK
CAPACITY 1900 CBM STST + 1324 CBM ZINC COATED TANKS, 12 GRADES
SEGREGATION ,12 DEEPWELL SVANEHOJ HYDROLIC PUMPS , STST HEATING COILS
IN ALL CARGO TANKS, STERN LINE FITTED .

- Cargo:
 60-65.000mts per period Chemicals mainly CSS (BUTAC, ETAC, VAM, MEG,
DEG, STYRENE, NBA, IBA, IPA, METHANOL, MMA, ACN) of each;

- Min 2400mts up to max 4500mts 5pct moloo on declared quantity
chemicals always wvns / lawful cargoes in accordance with COF and
St.St. - coat list, depending on nominated Vessel cargo capacity and
always on sailing draft at Temryuk Port 4.9 m ,berth N 5 and 23

- Period:
 * 1st Period: 01.05.2007 / 31.08.2007
 * 2nd Period: 01.09.2007 / 31.12.2007 (Second period will be declared
latest on 10th of August),

- Load: osbp TEMRYUK, Second pier if required for Charterers account
against port / port's agent invoices and to be settled directly by the
Chrtrs or will be paid to the Owners with freight.

- Discharge: osp/b IZMIT BAY a/o osp/b TEKIRDAG a/o osp/b MERSIN a/o
osp/b ADANA. Other routes to Turkey to be quoted on Charterers request,
but rotation will never be:
            * MARTAS + SOUTH TURKEY.

IZMIT BAY + SOUTH TURKEY rotation can be as extra per Addendum between
parties if mutually agreed.

- Nomination: 14 days prior commencement of the lay days Charterers to
nominate a 3 days arrival window for load port. Within 2 working days
Owners are to nominate a vessel with 5 days spread of the Laycan

COA-25.04.2007                                                    2.