UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SOYSAY SHIPPING CO.,                          :
                                              :        ECF Case
                         Plaintiff,           :
                                              :        07 Civ. 7469 (JGK)
          - against -                         :
                                              :
ASTYA INVESTMENTS CO. LTD., and,              :
PETSARO CHEMICALS AG,                         :
                                              :
                         Defendants.          :
------------------------------------------------------------------X


### DEFENDANT PETSARO CHEMICALS AG'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO VACATE THE AUGUST 23, 2007 ORDER OF ATTACHMENT


**REED SMITH LLP**
599 Lexington Avenue, 29th Floor
New York, New York  10022
(212) 521-5400

Attorneys for Defendant
Petsaro Chemicals AG


Of Counsel:
    Steven J. Stein
    Lawrence J. Reina
    Casey D. Laffey

## PRELIMINARY STATEMENT

Defendant Petsaro Chemicals AG ("Petsaro") submits this memorandum of law in support of its emergency motion, pursuant to Rule E of the Supplemental Rules of Civil Procedure for Certain Admiralty and Maritime Claims, to vacate this Court's August 23, 2007 Order of Maritime Attachment and Garnishment (the "Order of Attachment") as to Petsaro.

Plaintiff commenced this action in this Court solely for the purposes of seeking a Rule B attachment in aid of its threatened, but yet to be commenced, arbitration proceeding. The question is why. The parties and contracts at issue have no relationship to the State of New York.

As Plaintiff concedes, plaintiff and both defendants are foreign entities and this action arises out of a charter agreement and bill of lading executed overseas which called for the delivery of goods overseas. More importantly, the parties previously agreed to arbitrate future disputes in London, recognizing that London is the most convenient forum for all parties. Plaintiff's attempt to use the New York courts to obtain an attachment that it could otherwise seek in London is an unwarranted and undue imposition upon the judicial resources of the United States in general and this Court in particular. Because the Second Circuit has held that in these circumstances, an Order of Attachment in New York is improper, the Order of Attachment should be vacated.

## STATEMENT OF FACTS

### A.    The Complaint and Order of Attachment

Plaintiff commenced this action on or about August 23, 2007 by filing a Verified Complaint (the "Complaint") against Astya Investments Co. Ltd. ("Astya") and Petsaro, along with a motion for an Order of Maritime Attachment and Garnishment under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (the "Supplemental Rules").[1]

---

[1] The Complaint and Order of Attachment are attached for the Court's convenience as Exhibits A and B to the accompanying Declaration of Casey D. Laffey dated October 12, 2007 ("Laffey Decl.").

1

Pursuant to Rule B(1) of the Supplemental Rules, this Court issued an *ex parte* Order directing the Clerk to issue process of Maritime Attachment and Garnishment, permitting the attachment and seizure of:

> all tangible and intangible property of the Defendants, as described therein, including but not limited to any property of the Defendants (collectively hereinafter "ASSETS"), as may be held, received or transferred in their own names or for their benefit at, moving through, or within the possession, custody or control of banking institutions and/or other institutions or such other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of $334,428.56 . . . .

Order (Laffey Decl. Exh. B) at pp. 1-2.

The Complaint alleges damages of $334,428.56 attributable to an alleged breach of an agreement between Plaintiff and Astya to charter "M/T HALKI", an ocean going tank vessel for the shipment of chemicals from Russia to Turkey (the "Charter Agreement"). Complaint ¶ 5. Plaintiff does not seek to litigate its contract claims in this Court, as Plaintiff claims they are required to be arbitrated in London. Id. ¶ 15. Rather, Plaintiff seeks to attach assets of the defendants located in New York, to be used to satisfy any eventual recovery in the arbitration. Id. ¶¶ 15-17.

However, as of the filing of Petsaro's application, *no arbitration had yet been commenced*. The charter agreement, a copy of which is annexed as Exhibit 1 to Plaintiff's Complaint, contains a dispute resolution clause providing that the parties agree to resolve any and all claims arising out of the agreement in arbitration in London according to English law. See id. Exh. 1, at p. 2 ("GA/Arb Ldn, Eng. Law, Y/A 74/90").[2]

As to Petsaro, the Complaint alleges that Petsaro was "the notify party under the bill of lading issued with respect to the above referenced shipment and subsequently identified as the receiver and the party with title to the cargo." Id. ¶ 7. Plaintiff further alleges that the

---

[2] This clause is English shorthand for, "General Average and Arbitration to be decided in London with English Law and York Antwerp Rules 1974/1990 to apply".

defendants, including Petsaro, "failed to arrange for the prompt delivery and receipt of the cargo which failure constituted a breach of both the COA and the bill of lading." Id. ¶ 9.[3] The bill of lading incorporates by reference the terms of the charter agreement including its arbitration and jurisdictional clauses. Id. ¶ 8.

B.    The Attachment of Petsaro's Assets

Notwithstanding the presence of all parties overseas and their willingness to submit to the jurisdiction of an arbitrator in London, Plaintiff commenced this action in New York seeking to attach Petsaro's assets in New York. As a result of the Order of Maritime Attachment and Garnishment, on September 28, 2007, Plaintiff attached approximately $76,050.00 of funds being transferred through a Bank of New York account to a third party, transfers that have no relationship to this action. As long as the Order of Attachment remains outstanding, Petsaro's funds continue to be at risk, and in today's economy, it is difficult to conduct business without electronic transfers of funds being routed through New York banks.

ARGUMENT

I.    APPLICABLE STANDARDS FOR ATTACHMENT

Pursuant to Rule E(4)(f) of the Supplemental Rules:

> Whenever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules.

To underscore the meaning of "prompt," Local Admiralty Rule E.1 requires such hearing to be conducted "by a judicial officer within three court days, unless otherwise ordered."

The party obtaining the Order of Attachment bears the burden at the subsequent hearing of justifying it. Aqua Stoli Shipping, Ltd. v. Gardner Smith Lty Ltd., 460 F.3d 434, 436 (2d

---

[3] If this arbitration proceeds, Petsaro will be asserting several counterclaims against Plaintiff for its delivery of contaminated, non-conforming goods in breach of the bill of lading, as well as for grossly overstating the amount of damages it seeks, including, for example, making a demurrage claim against Petsaro when Petsaro is not an appropriate party to such a claim.

Circ. 2006). <u>See</u> <u>also</u> <u>HBC Hamburg Bulk Carriers GMBH & Co. KG v. Proteinas Y Oleicos</u>

<u>S.A. De C.V.</u>, 2005 WL 1036127, at *3 (S.D.N.Y. May 4, 2005) ("[w]hen the validity of an

attachment is challenged, the burden is on plaintiff to show why the attachment should not be

vacated").

Recently, in <u>Aqua Stoli Shipping</u>, the Second Circuit clarified when an Order of

Attachment can be sought and vacated. For a court to issue an Order of Attachment, the plaintiff

must show that: (1) it has a valid *prima facie* admiralty claim against the defendant; (2) the

defendant cannot be found within the district; (3) the defendant's property may be found within

the district; and (4) there is no statutory or maritime law bar to the attachment. 460 F.3d at 445.

More importantly, the Court clarified that a Rule B attachment may be vacated when: (1) the

defendant is subject to *in personam* jurisdiction in another jurisdiction convenient to the plaintiff;

(2) the plaintiff and defendant are both present in the same district and would be subject to

jurisdiction there, but the plaintiff goes to another district to attach the defendant's asserts; or (3)

plaintiff has already secured assets sufficient to satisfy a judgment elsewhere. <u>Id.</u> at 444–45.

As set forth below, Plaintiff cannot sustain its burden of defeating vacatur here.

II.     THE ATTACHMENT SHOULD BE VACATED BECAUSE
        ALL PARTIES HAVE CONSENTED TO ARBITRATE
        THEIR CLAIMS IN LONDON AND LONDON S A MORE
        CONVENIENT FORUM FOR PLAINTIFF TO SEEK ITS RELIEF

As noted above, the Second Circuit in <u>Aqua Stoli</u> held that an Order of Attachment

should be vacated when the defendant is subject to *in personam* jurisdiction in another

jurisdiction convenient to the plaintiff. <u>Id.</u> Recently, in <u>OGI Oceangate Transportation Co. v.</u>

<u>RP Logistics Pvt. Ltd.</u>, 2007 WL 1834711 (S.D.N.Y. June 26, 2007), Judge Sweet of this Court

addressed this very issue and vacated an attachment on facts similar to here. There, as here, the

plaintiff sought and was granted a Rule B attachment in aid of arbitration in another country

(there, Hong Kong). <u>Id.</u> at *1. Like the parties in this action, each of the parties were foreign

entities, present and doing business in foreign countries (there, India and China). <u>Id.</u> This Court,

4

citing the Second Circuit's opinion in Aqua Stoli, vacated the Order of Attachment, holding that it should have been sought in China. Id. at *7. The Court held as follows:

> Lastly, the Second Circuit has held in Aqua Stoli that "vacatur may be warranted when the defendant can show that it would be subject to *in personam* jurisdiction in another jurisdiction convenient to the plaintiff." Although the Aqua Stoli court indicated that the concept of convenience was to be narrowly circumscribed, the court was addressing the issue in the context of the proximity of the Eastern and Southern Districts. Here, it is questionable whether the Southern District of New York is more convenient to [plaintiff] than the other jurisdictions implicated in this matter, including Kolkata and Hong Kong.

Id. (citations omitted).

Here, as alleged in the Complaint, all parties to this action and any foreign arbitration are foreign entities and the charter agreement and bill of lading at issue were executed overseas and provided for the shipment of goods overseas. Id. ¶¶ 2-8. More importantly, the charter agreement contains a dispute resolution clause providing that the parties would resolve any and all claims arising out of the agreement in arbitration in London under English Law. See id. ¶¶ 8, 15; Exh. 1, at p. 2.

As the parties to this action have all agreed that London is the proper and most convenient forum to hear all disputes related to their transaction, Plaintiff's attempts to burden the New York counts with a petition for attachment that could have been obtained in London or elsewhere is entirely improper and not in the interests of judicial economy. Therefore, the Order of Attachment should be vacated and Plaintiff should be required to seek its relief in London.

### III.    THE ATTACHMENT OF PETSARO'S ASSETS IS PREMATURE AS PLAINTIFF HAS NOT YET COMMENCED AN ARBITRATION PROCEEDING

Furthermore, the attachment should be vacated as premature. As noted above, Plaintiff does not seek to litigate its claims in this Court. Rather, Plaintiff seeks to attach assets of the defendants located in New York, to be used to satisfy any eventual recovery in a foreign arbitration. Complaint ¶¶ 15-17. However, it is undisputed that Plaintiff has not taken a single

step to initiate an arbitration case in London or any other jurisdiction where personal jurisdiction may lie over the defendants.

This Court has held that in these circumstances, where arbitration has yet to be commenced, an Order of Attachment is premature. In Sealift v. Cementos Andinos Dominicanos, SA, 2005 U.S. Dist. LEXIS 19876 (S.D.N.Y. Sep't 9, 2005), plaintiff commenced an action seeking a Rule B maritime attachment in aid of a pending arbitration in New York, as well as an arbitration to be commenced in London. Id. at *1-2. The defendant moved to vacate the attachment on several grounds. This Court granted the defendant's motion as to the security needed for the London arbitration, finding plaintiff's application premature. Id. at *5. This Court held that "it is premature to attach funds in security for arbitration in London when that arbitration has not been initiated." Id.

This opinion in consistent with this Court's refusal to grant an attachment in aid of claims that are not yet ripe for review. See, e.g., J.K. Int'l, Pty., Ltd. v. Agriko S.A.S., 2007 U.S. Dist. LEXIS 10074 (S.D.N.Y. Feb. 13, 2007) (granting motion to vacate Rule B attachment on grounds that plaintiff's underlying indemnity admiralty claim was not yet ripe for review); Sonito Shipping Co. Ltd. v. Sun United Maritime Ltd., 478 F. Supp. 2d 532, 540–41 (S.D.N.Y. 2007) (vacating maritime attachment and holding that plaintiff's claims were premature); T&O Shipping, Ltd. v. Lydia Mar Shipping Co., 415 F.Supp.2d 310, 315–16 (S.D.N.Y. 2006) (same).

Therefore, because Plaintiff has merely threatened to commence arbitration against the defendants in London, the attachment of Petsaro's assets should be vacated.

6

## CONCLUSION

For the foregoing reasons, and those set forth in the accompanying Laffey Declaration, the August 23, 2007 Order of attachment should be vacated, along with the granting of costs and disbursements and such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          October 12, 2007

                                        REED SMITH LLP

                                        By:_____
                                            Steven J. Stein (SS-4578)
                                            Lawrence J. Reina (LR-7327)
                                            Casey D. Laffey (CL-1483)
                                        599 Lexington Avenue
                                        New York, New York 10022
                                        Tel. (212) 521-5400
                                        Fax. (212) 521-5450

                                        Attorneys for Defendant
                                        Petsaro Chemicals AG